Case No: _____   Inmate Name: _Albert Pete Veenstra III_

Date: _4-17-2019_____   Inmate IDOC#: _21864_

Document Title: _Prisoners Civil Rights Complaint 42 § U.S.C. 1983_

Total Pages: _13_   Inmate Initials Verifying Page Count: _A.V_

Document(s) _1_ of _2_

ALBERT PETE VEENSTRA,III
IDOC #21864
ISCC C-1-24A
POB 70010
Boise, Idaho 83707

    Plaintiff Pro se

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

### *******

ALBERT PETE VEENSTRA,III, in re: )
VEENSTRA et al v. ISBC et al, )
CASE NO. 1:15-CV-0270-EJL )
DISTRICT OF IDAHO, )
    )
    Plaintiff )
    )
v. )
    )
UNIVERSITY OF IDAHO LAW SCHOOL )
SUED IN ITS OFFICIAL CAPACITY;, )
THE SCHOOLS PRESIDENT CHUCK )
STABEN SUED IN HIS PERSONAL AND )
PROFESSIONAL CAPACITIES;, THE )
SCHOOLS UNNAMED "FACULTY MEMBERS" )
SUED IN THEIR PERSONAL AND )
PROFESSIONAL CAPACITIES;, IDAHO )
STATE BAR SUED IN ITS OFFICIAL )
CAPACITY;, IDAHO STATE BAR )
GOVERNING MEMBERS TRUDY HANSON )
FOUSER, TIM GRESBACK, MICHELLE )
R. POINTS, PAUL B. RIPPLE, AND )
DENNIS S. VORHEES ALL SUED IN )
THEIR PERSONAL AND PROFESSIONAL )
CAPACITIES;, "NUMEROUS ATTORNEYS" )
ALL UNNAMED LICENSED BY THE )
IDAHO STATE BAR SUED IN THEIR )
PERSONAL AND PROFESSIONAL )
CAPACITIES WHO SERVED AS )
OFFICERS OF THE COURT BETWEEN )
06/24/2016 AND 10/24/2019, )
    )
    Defendants. )
    )
_____)

Case No._1:19-cv-132-BLW_____

PRISONERS CIVIL RIGHTS COMPLAINT
42 U.S.C. § 1983

REQUEST TO PROCEED IN FORMA
PAUPERIS

REQUEST FOR APPOINTMENT OF
CONFLICT COUNSEL

JURY TRIAL DEMAND

NOTICE OF NON CONSENT TO THE
EXERCISE OF JURISDICTION BY A
UNITED STATES MAGISTRATE JUDGE
TO CONDUCT ANY PROCEEDINGS IN
THIS CASE

INTRODUCTION

This is a Prisoners Civil Rights Complaint, claiming discrimination, differential treatment, denial of equal protection, and due process. Plaintiff who is incarcerated at the Idaho State Correctional Center, filed a civil rights complaint in 2015, Veenstra et al v. Idaho State Board of Correction, No.1:15-cv-0270-EJL. On 06/21/16, the Court granted Plaintiffs In Forma Pauperis Motion for appointment of counsel. See Dkt.43, Veenstra v. ISBC. On 11/21/2016 the Court issued an Amended Order stating: "Court staff has contacted "numerous attorneys" in the last five months, all whom have declined to accept this case pro bono". Dkt.47, Veenstra v. ISBC. On 12/30/16, Plaintiff filed a MOTION TO APPOINTMENT ASSISTANCE BY THE UNIVERSITY OF IDAHO LAW SCHOOL PURSUANT TO THE PRO SE PRO BONO PROGRAM RE: "D". DKT.49 Veenstra v. ISBC. On 02/28/17, the Court issued an Order Stating: "The Court has already reached out to  the University of Idaho Law School as well as Concordia School of Law. Both Schools have declined representation". Dkt.50 Veenstra v. ISBC. None of the named or unnamed Defendants ever stated that Veenstra v. ISBC, lacked merit, the only reference in the record states that none of the defendants would accept this case pro bono. The pro se pro bono program states: "the University of Idaho Law School will maintain a pro se referral program to assist with meritorious civil and bankruptcy cases. Upon referral from the District or bankruptcy Court. The Law school will appoint faculty members and law students to represent pro se litigants". None of the defendants would step up and represent the Plaintiff a lowly, uneducated, incarcerated pauper with no legal training only trying to protect his and his fellow dregs civil rights. Plaintiff assert that the defendants have established a policy or practice in cooperation with U.S. District Court and the Idaho State Bar which "confers particular privileges on a class arbitrarily selected from a large number of persons, all of whom stand in the same relation to the privileges granted and between whom and those not favored no reasonable distinction can be found. Defendants applied differential treatment to the Plaintiff, esp., a failure to treat all persons equally when no reasonable distinction can be found between those favored and those not favored.

Plaintiff has found no authority to support that the named or unnamed defendants have ever denied pro bono counsel upon referral from the U.S. district Court for a meritorious civil rights case.

JURISDICTION

1.    The United States District Court for the District of Idaho
      has jurisdiction over Plaintiffs claims under: 42 U.S.C.
      § 1983; Plaintiff also request the federal court to exercise
      supplemental jurisdiction over any state law claims under:
      28 U.S.C. § 1367


PLAINTIFF PARTY

2.    Plaintiff Albert Pete Veenstra,III, is a citizen of the State
      of Idaho and presently resides at the Idaho State Correctional
      Center.

PLAINTIFF PARTY STATEMENT OF FACTS

3.    On 07/16/2015, Plaintiff filed a Prisoners Civil Rights compl-
      aint pursuant to 42 U.S.C. § 1983. See: Veenstra et al v. ISBC
      et al, Case No. 1:15-cv-0270-EJL.

4.    On 01/11/2016, Plaintiff filed a Motion For Limited Appointment
      of Counsel in Veenstra v. ISBC, Dkt.27.

5.    On 06/15/2016, the Court granted Plaintiffs Motion for Counsel,
      See: Dkt.43 Veenstra v. ISBC.

6.    On 11/21/2016, the Court issued a AMENDED SCHEDULING ORDER which
      stated in part: Court Staff has contacted "Numerous Attorneys"
      in the last five months, all whom have declined to accept this
      case pro bono. See Veenstra v. ISBC, Dkt.47 at 2.

7.    On 12/30/2016, Plaintiff filed a MOTION TO APPOINT ASSISTANCE
      by UNIVERSITY OF IDAHO LAW SCHOOL PURSUANT TO THE PRO SE PRO
      BONO PROGRAM RE: "D". See: Veenstra v. ISBC, Dkt.49.

8.    On 02/28/2017, the Court issued an ORDER stating in part: The
      Court has already reached out to the pro bono program at the
      University of Idaho Law School of Law, as well as Concordia
      School of Law. Both Law Schools have declined representation.
      See: Veenstra v. ISBC, Dkt.50.

9.    Defendants      Chuck Staben   and,  University of Idaho Law
      School and the schools unnamed "Faculty Members" and unnamed
      "Numerous Attorneys" have a policy or established practice in
      cooperation with the U.S. District Court and the Idaho State Bar
      which "confers particular privileges on a class arbitrarily
      selected from a large number of persons, all of whom stand in
      the same relation to the privileges granted and between whom and
      those not favored no reasonable distinction can be found".

10.   The policy or established practice is to: Appoint pro bono
      counsel in in forma pauperis cases upon referral by the U.S.
      District Court in meritorious civil cases.

11.   Plaintiff is also suing Chuck Staben          the University
      of Idaho School of Law acting President at the time of the
      alleged violations. He is being sued in his Personal and
      Official capacities, and acting under color of state law.

12.   Its Plaintiffs belief that that Defendants University of Idaho
      Law School, its unnamed "Faculty Members" and Chuck Staben
            are state employees and the University is a State entity,
      due to the University's address which is: POB 83720-0051, Boise,
      Idaho, 83720. The zip code 83720 is all State House mail.

13.   Pursuant to the Prisoner Self-Help Packtet Civil Rights Compl-
      aint Instruction, provided by the Court, Plaintiff request the
      clerk of the court to serve the Defendants. The address of the
      known defendants are as follows:

      Before a defendant must appear in a case to defend, he or she must be served with the
complaint. If the prisoner is permitted to proceed in forma pauperis, then the prisoner is
responsible for providing the court with the physical addresses where the defendants can be
served, and the clerk is charged with the responsibility of taking reasonable measures for serving
defendants, either by obtaining a written waiver of service from the defendants or by using the
United States Marshal's Service for personal service. If a prisoner is not proceeding in forma
pauperis, then he or she is responsible for serving the complaint within a time period set by the
order authorizing the case to proceed.

University of Idaho Law School       University of Idaho Law School
875 Perimeter Dr. MS 2321           POB 83720-0051
Moscow, Idaho 83844-2321            Boise, Idaho 83720

University Of Idaho President        Idaho State Bar
Chuck Staben                        525 West Jefferson St.
Moscow, Idaho 83844-3151            POB 895
                                    Boise, Id 83701

        All addresses from either Tuckers or Idaho Blue Book

        PRISONERS CIVIL RIGHTS COMPLAINT  Page  4

## DEFENDANT PARTIES

14. Defendant University of Idaho Law School is being sued in its
    Official capacity, and at all relevant times assisted the U.S.
    District and Bankruptcy  Court for the District of Idaho. The University
    of Idaho Law School also maintains the Pro se Pro bono referral
    program to assist the U.S. District and Bankruptcy Court with
    meritorious civil and bankruptcy pro se cases.

15. Specific claim against the defendant is: Discrimination, deliberate
    indifference, denial of equal protection, and due process. All in
    violation of the 5th., 6th., and 14th. amendments to the U.S.C.

16. Defendants University of Idaho Law School "Faculty Members" are
    being sued in their Personal and Professional Capacities, and at all
    relevant times assisted the U.S. District Court in its Pro se Pro
    bono program. All "Faculty Members" are unnamed at this time.
    Plaintiff will seek the names from the Law School through discovery.

17. Specific claim against defendants is: Discrimination, deliberate
    indifference, denial of equal protection, and due process. All in
    violation of the 5th., 6th., and 14th. amendments of the U.S.C.

18. Defendants University of Idaho Law School and its unnamed "Faculty"
    Members" were at all times performing a State function for the
    U.S. District Court of Idaho and the Idaho State Bar.

19. Defendants deprived the Plaintiff of his constitutional rights as
    stated above, including Differential Treatment, esp., a failure
    to treat all persons equally when no reasonable distinction can
    be found between those favored and those not favored.

20. Defendants have a policy or established practice in cooperation
    with the U.S. Dist. Ct. and the Idaho State Bar which "confers
    particular privileges on a class arbitrarily selected from a
    large number   of persons, all of whom stand in the same relation
    to the privileges granted and between whom and those not favored
    no reasonable distinction can be found".

21. The policy or established practice is to: appoint Pro bono counsel
    in in forma pauperis cases upon referral by the U.S. Dist. Ct.
    in meritorious civil cases. They say that they will. See: "D"

UNITED STATES DISTRICT AND BANKRUPTCY COURT
FOR THE DISTRICT OF IDAHO

PRO SE PRO BONO PROGRAM
Amended 6/12/09

## A.  PROGRAM

The Court has consistently been committed to the fair and efficient resolution of pro se cases.  In order to assist in the administration of justice, the Court is authorizing funding for litigation costs incurred by attorneys, legal interns, and law students appointed in civil and bankruptcy pro se matters. The funding will be used exclusively to cover Court-appointed counsel's out-of-pocket expenses.  The funds may also be used for payment of a reduced hourly fee to mediators who participate in quarterly Court-sponsored settlement days as part of a mediation pilot program for pro se cases.

Expenses paid through the Pro Bono Program are not covered by Criminal Justice Act (CJA) funds.  The Pro Bono Program reimbursement standard is distinct and separate from the CJA fund reimbursement standard.  Reimbursement from the program is within the discretion of the United States District and Bankruptcy Court Chief Judges, and the reimbursement limit is initially set at $1,500.00 per case.  The Court shall provide forms designating appropriate out-of-pocket expense categories, which appointed counsel shall submit to account for the use of funds.  In complex litigation cases, counsel may seek additional pre-authorized funds with which to cover out-of-pocket expenses.  If appointed counsel anticipates that the expenses will exceed $1,500.00, he or she will be required to submit to the presiding judge, two separate budgets of estimated expenses for the discovery and trial phases of the case, for approval.

Additionally, the Pro Bono Program funds may be used for purposes which enhance the goal of creating, supporting, and maintaining groups of volunteer lawyers and mediators who will assist the court in resolving pro bono civil and bankruptcy cases.

## B.  FUNDING FOR PRO SE PRO BONO PROGRAM

Funds for this program will come from the District of Idaho Non-Appropriated Fund (attorney admission fund).   The Pro Bono Program's continued funding through the use of non-appropriated funds is subject to the Board of Judges' annual review and approval of the program.

Funding for this program will not exceed twenty percent (20%) of the annual receipts from the non-appropriated fund, unless otherwise authorized by the Board of Judges and the Lawyer Representatives.

## C. AUTHORIZATION AND REIMBURSEMENT PROCESS

The Court's Pro Se Staff Attorneys and Bankruptcy Law Clerks will screen pro se cases and determine whether referral to the Pro Bono Program is appropriate. The cases selected for the program will include only those deemed to have potentially meritorious claims. The Judges will then refer cases to the program and authorize reimbursement for out-of-pocket expenses in pro se civil and bankruptcy cases.

Appointed counsel will submit a request for reimbursement of out-of-pocket expenses on the forms provided by the Court. Requests for reimbursement should be submitted no more than three (3) times in any one case. Appointed counsel may seek reimbursement of out-of-pocket expenses up to the $1,500.00 amount without prior Court approval of the expenses. The Chief Judges for the United States District and Bankruptcy Court must pre-authorize reimbursement of any expenses beyond the initial $1,500.00 amount.

The request for reimbursement should be sent to the Chief Judge for the United States District Court for all pro bono civil cases, and to the Chief Judge of the United States Bankruptcy Court for all pro bono bankruptcy cases. The Chief Judges will review the requests for reimbursement and, if appropriate, approve them for payment from the fund. The expense reimbursement forms and budget estimates will not be made part of the Court record for the case, but will be maintained by the Clerk of Court.

In the event the pro bono counsel converts the representation to a contingency fee arrangement, or if the litigant obtains a costs award at trial or in a settlement, the appointed counsel will reimburse the fund for out-of-pocket expenses covered by the program.

## D. ASSISTANCE BY UNIVERSITY OF IDAHO LAW SCHOOL

In an effort to assist the Court in the Pro Bono Program, the University of Idaho Law School will maintain a pro se referral program to assist with meritorious civil and bankruptcy pro se cases. Upon referral from the District or Bankruptcy Court, the Law School will appoint faculty members and law students to represent pro se litigants. Attorneys from the Law School will use the forms described above to request reimbursement of out-of-pocket expenses, and will seek pre-authorization for all expenses that exceed $1,500.00 through the

use of the budget estimate forms. The sustaining fund amount provided to the Law School will also be subject to the expense reimbursement requirements.

### E. LEGAL INTERNS

The supervising attorney or law school will comply with Local Rule 83.4(g) regarding legal interns.

### F. PRO BONO VOLUNTEERS

Any member of the bar who is interested in serving on the Pro Bono Panel should contact the Pro Se Unit for further details. The Pro Se unit screens the cases and only seeks volunteer lawyers in meritorious cases. Upon application of counsel and approval of the presiding Judge, the pro hac vice fees required by Local Civil Rule 83.4 (e) will be waived

In addition, pro bono counsel will be afforded an opportunity for oral argument on dispositive motions and will also be afforded an opportunity for oral argument on other non-dispositive motions when appropriate.

22. By Defendants University of Idaho Law School and its unnamed "Faculty Members" failing to provide Plaintiff with the established practice (appointing counsel upon referral of the U.S. Dist. Ct.) amounted to deliberate indifference to plaintiffs constitutional rights, and was the moving force behind the constitutional violation.

## DEFENDANTS "NUMEROUS ATTORNEYS"

23. Defendants "Numerous Attorneys" are being sued in their personal and professional capacities. At all relevant times were requested by the U.S. Dist. Ct. or the Law School to represent the Plaintiff in Veenstra v. ISBC. All "Numerous Attorneys" are unnamed at this time. Plaintiff will seek the names of the Defendants through discovery. Plaintiff will request the defendants names from the U.S. Dist. Ct., and the Law School.

24. All Defendants declined to accept Veenstra v. ISBC, pro bono, regardless of the professional responsibilities they accepted upon receiving their licenses to practice law from the Idaho State Bar as officers of the Court. See: Id. Prof'l Conduct 6.1.

## DEFENDANT CHUCK STABEN

25. Defendant Chuck Staben,,          was the President of the University of Idaho Law School at all relevant times of the alleged violations, and is being sued in his personal and professional capacities.

26. Specific claim against defendant is: Discrimination, Differential Treatment, deliberate indifference, denial of equal protection, and due process. All in violation of the 5th. 6th. and 14th. amendments of the U.S.C.

## DEFENDANTS IDAHO STATE BAR

27. Defendants Idaho State Bar is being sued in its official capacity. The Bar's governing members Trudy Hanson Fouer, Tim Gresback, Michelle R. Points, Paul B. Ripple, and Dennis S. Vorhees are all being sued in their personal and professional capacities. And at all relevant times were         responsible for enforcing Idaho Rule of Professional Conduct 6.1, upon its licensed members.

28. Specific claim against defendants is: Discrimination, deliberate indifference, denial of equal protection, differential treatment, due process, all in violation of the 5th, 6th., 14th, amendments.

**ID. R. PROF'L CONDUCT 6.1.** Voluntary pro bono publico service

Every lawyer has a professional responsibility to provide legal services to those unable to pay. A lawyer should aspire to render at least (50) hours of pro bono publico legal services per year. In fulfilling this responsibility, the lawyer should:

(a) provide a substantial majority of the (50) hours of legal services without fee or expectation of fee to:

    (1) persons of limited means or

    (2) charitable, religious, civic, community, governmental and educational organizations in matters that are designed primarily to address the needs of persons of limited means; and

(b) provide any additional services through:

    (1) delivery of legal services at no fee or substantially reduced fee to individuals, groups or organizations seeking to secure or protect civil rights, civil liberties or public rights, or charitable, religious, civic, community, governmental and educational organizations in matters in furtherance of their organizational purposes;

    (2) delivery of legal services at a substantially reduced fee to persons of limited means; or

    (3) participation in activities for improving the law, the legal system or the legal profession.

In addition, a lawyer should voluntarily contribute financial support to organizations that provide legal services to persons of limited means.

RELIEF SOUGHT

29.  Plaintiff seeks a declaration stating that the defendants violated
his constitutional rights.

30.  Plaintiff seeks compensatory and or punitive damages to be deter-
mined by a jury.

31.  Plaintiff seeks an injunction ordering that the defendants will
appoint counsel in all pro se pro bono cases upon referral of
the U.S. District Court.

32.  Plaintiff seeks an injunction ordering the Idaho State Bar to set
up a program, with funds donated from its licensed members at the
rate of two percent a year from the attorneys gross hourly income.
The Programs funds will be used to compensate attorneys at their
hourly rate in all pro se pro bono cases. After the program has a
dollar amount on hand to be determined the extra funds will be
used to compensate attorneys at their hourly rate to visit the prisons
through out Idaho and educate the prisoners on how to file proper
and meritorious civil complaints, criminal appeals, state post-
convictions, and State and Federal Habeas corpus's. Attorneys will
donate 25 hours a year to educate the prisoners. This injunction
also seeks to place an outside party that is the Plaintiff to over
see the program. Over seer will be compensated from the program
at an hourly rate of one half of what the average hourly rate is
of all the attorneys and the averaged hours the attorneys work a
year. Over seer can appoint his own successor at any given time.
Plaintiff seeks this injunction due to the fact that the pro se
pro bono put in place by all the named and unnamed defendants
is a total failure in cases such as Veenstra v. iSBC, and has
placed the U.S. District Court in a bad position when the Court
needed the defendants the most. The Court expects that the
defendants would govern themselves properly.

33.  Plaintiff seeks punitive damages from all the attorneys who were
licensed by the Idaho State Bar Between 06/24/2016 and 10/24/2017,
who had a professional responsibility to provide legal services to
those unable to pay, pursuant to Idaho Rules of Professional
conduct 6.1. Plaintiff seeks the equivalent of the amount of what
the attorney charges for an hourly rate times 50 hours from all
attorneys who were not conflicted, such as Deputy Attorney Gener-
als and the like.

PRISONERS CIVIL RIGHTS COMPLAINT  Page 11

## INJURIES AND OR DAMAGES

30.  Plaintiff alleges that from all the named and unnamed defendants failure to follow the policy or established practice of either appointing pro bono counsel or accepting the U.S. Dist. Courts request for an officer of the court to represent Plaintiff in Veenstra v. ISBC, a meritorious civil case placed the Plaintiff with having to appeal Veenstra v. ISBC, into the 9th. Cir. Case No. 17-35952.

31.  Plaintiff alleges that when Plaintiff prevails in the 9th. Cir. appeal the Dist. Ct. will be ordered to exercise its inherent authority and have to order one of the named or unnamed defendants to represent Plaintiff in Veenstra v. ISBC. This will create a conflict of interest between any named or unnamed defendant who declined to represent Plaintiff in Veenstra v. ISBC.

32.  Plaintiff asserts that if one of the named or unnamed defendants is ordered to represent the Plaintiff in Veenstra v. ISBC, pro bono his or her work will always be in question by the Plaintiff.

33.  Plaintiff alleges that none of the named or unnamed defendants will want to represent the Plaintiff pro bono, they didn't want to then and Plaintiff can think of no reason why they would later.

34.  Plaintiff alleges that when Plaintiff prevails in the 9th. Cir. appeal, Plaintiff will be placed with either having counsel ordered to represent him which has already stated that it does not want to represent Plaintiff pro bono, or hiring outside counsel to represent Plaintiff in veenstra v. ISBC.

35.  Plaintiff seeks the following relief: Compensatory and Punitive damages to be determined by a jury.

36.  Plaintiff did not need to exhaust the grievance process within the prison.

## PREVIOUS OR PENDING LAWSUITS

37.  Veenstra v. CCA, No. unknown 2009  closed.
     Veenstra et al v. ISBC et al, 1:15-0270-EJL, pending on appeal in the 9th. Cir. Case No 17-35952.

38.  Plaintiff has no strikes.

### REQUEST FOR APPOINTMENT OF CONFLICT COUNSEL

Plaintiff request conflict counsel due to the fact that numerous attorneys in the pro se pro bono have already stated they did not want to represent the Plaintiff in Veenstra v. ISBC, which has created a conflict of interest.

This case is going to involve requesting discovery from the U.S. District Court and its staff who contacted all the "Numerous Attorneys" that declined to accept Veenstra v. ISBC, pro bono.

Plaintiff believes that this case will warrant the appointment of pro bono counsel.

### DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury:
That I am the Plaintiff in this action, that I have read the complaint, and that information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621; and that I deposited this complaint postage prepaid in a U.S. postal depository unit on 4 / 17 / 2019 , at the ISCC.

Albert Pete Veenstra,III
IDOC #21864

The Court might reach out to the Law Firm of:

Covington & Burling LLP
Sales force Tower
415 Mission Street
San Francisco, CA 94105

As conflict counsel, the Law Firm stepped up to represent the Plaintiff in his 9th. Cir. Appeal No. 17-35953 pending.