UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALBERT PETE VEENSTRA, III,<br><br>        Plaintiff,<br><br>v.<br><br>UNIVERSITY OF IDAHO LAW SCHOOL, sued in its official capacity; CHUCK STABEN, President, sued in his personal and professional capacities; UNNAMED FACTULY MEMBERS, sued in their personal and professional capacities; IDAHO STATE BAR, sued in its official capacity; TRUDY HANSON FOUSER, governing member; TIM GRESBACK, governing member; MICHELLE R. POINTS, governing member; PAUL B. RIPPLE, governing member; DENNIS S. VORHEES, governing member; and NUMEROUS ATTORNEYS, all unnamed licensed by the Idaho State Bar, sued in their personal and professional capacities who served as officers of the court between 06/24/16 and 10/24/19,<br><br>        Defendants. | Case No. 1:19-cv-00132-BLW<br><br>**ORDER** |

        On June 17, 2019, the Court dismissed Plaintiff's Complaint in this civil rights case, as frivolous and for failure to state a claim upon which relief could be granted, and entered judgment against Plaintiff. (Dkt. 12, 13.) Plaintiff has now filed a motion for reconsideration. (Dkt. 15.) He has also filed a Motion for Leave to Request Chief Judge

**ORDER - 1**

David C. Nye to Intervene, which the Court construes as a request for disqualification of the undersigned judge. (Dkt. 18.)

## 1. Request for Disqualification

Plaintiff has not shown that 28 U.S.C. §§ 144[1] or 455[2], governing disqualification of judges, or any case interpreting those sections, applies in this case. Disqualification is

---

[1] Section 144 provides that a judge must recuse himself or herself from a case "[w]henever a party to any proceeding … makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."

[2] Section 455 provides as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

not required where only vague allegations of bias and prejudice are asserted, or where those allegations arise from the adjudication of claims or cases by the court during the course of litigation. Such alleged errors are "the basis for appeal, not recusal." *Focus Media, Inc. v. Nat'l Broadcasting Co. (In re Focus Media, Inc.)*, 378 F.3d 916, 930 (9th Cir. 2004).

Further, Plaintiff's allegation that the undersigned judge has a conflict is incorrect. Finally, Plaintiff has made no showing that the Court's previous decisions in this case were the "products of deep-seated favoritism or antagonism that made fair judgment impossible." *Id*. (internal quotation marks and alteration omitted). Therefore, Plaintiff's request for disqualification will be denied for lack of a viable legal theory and insufficient supporting evidence.

## 2. Plaintiff's Motion for Reconsideration

A party may request reconsideration of a final judgment (1) under Federal Rule of Civil Procedure Rule 59(e), by filing a motion to alter or amend the judgment, or (2) under Federal Rule of Civil Procedure 60(b), by filing a motion for relief from judgment. Because Plaintiff filed the Motion for Reconsideration within 28 days of the entry of final judgment in this matter, the Court will consider the Motion under Rule 59(e). *See American Ironworkers & Erectors, Inc. v. N. American Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).

---

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

**ORDER - 3**

Reconsideration under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted). A losing party cannot use a Rule 59(e) motion to relitigate old matters or to raise arguments that could have been raised before the entry of judgment. *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). As a result, there are four limited grounds upon which a motion for reconsideration may be granted: (1) the motion is necessary to correct manifest errors of fact or law; (2) the moving party presents newly discovered evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Plaintiff first claims that the Court misconstrued his claims in this action. He states that, instead of alleging that he had a constitutional right to counsel in one of his previous civil cases, he actually intended to assert the following claims:

1. Is the District Courts [sic] Pro bono Program/Policy implemented by the District Court and the named and unnamed defendants constitutionally binding upon the Court and the defendants?

2. Did the defendants violate the plaintiffs [sic] constitutional rights against discrimination, differential treatment, denial of equal protection and due process by not honoring the policy they helped create along with the District Court?

(Dkt. 15 at 3.) Plaintiff's request for reconsideration also "presents a third question":

3. Does the 6th. and 14th. amendment right to counsel attach in a prisoners [sic] civil rights complaint, after the court grants the prisoners in forma pauperis request for counsel, and the court has implemented a

ORDER - 4

> program/policy which undeniably states that it will provide pro bono counsel in meritorious civil complaints?

(*Id*. at 3-4.)

However Plaintiff chooses to frame his claims, they remain frivolous and implausible. In Plaintiff's previous case, the Court only *conditionally* granted Plaintiff's request for the appointment of counsel and warned Plaintiff that it might not be able to find counsel to represent him. *See Veenstra v. IBOC*, Case No. 1:15-cv-00270-EJL (*e.g.*, Dkt. 70) (D. Idaho Oct. 24, 2017). Nothing in this Court's policies or practices permits the Court to require members of the Idaho State Bar to represent a plaintiff in a civil rights case for free, and no party involved in drafting the Court's pro bono policy assumed any kind of obligation—constitutional or otherwise—to take on any particular case.

Plaintiff's motion is simply a disagreement with the Court's conclusion that the Complaint failed to state a claim upon which relief could be granted and asserted frivolous claims. Such a disagreement is a matter for appeal, not reconsideration. The Court concludes that Plaintiff has failed to carry his burden of showing manifest error or any other basis for reconsideration under Rule 59(e).

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Leave to Request Chief Judge David C. Nye to Intervene, construed as a request for disqualification of the undersigned judge (Dkt. 18), is DENIED.

**ORDER - 5**

2. Plaintiff's Motion for Leave to Request the Court to Reconsider its Order of Dismissal dated 06/17/2019 and Request for Expedited Reconsideration Order (Dkt. 15) is DENIED.

DATED: September 24, 2019

_____
B. Lynn Winmill
U.S. District Court Judge

**ORDER - 6**